Argued July 12, affirmed August 2, 1973

CLARK, *Respondent, v.* GIRARD ET AL, *Respondents,*
CHRYSLER ET UX, *Appellants.*

512 P2d 993

*Robert E. Thompson,* Beaverton, argued the cause
for appellants. On the brief was Douglas B. Dawson,
Forest Grove.

* Bryson, J., did not participate in this decision.

No appearance contra.

TONGUE, J.

This is a suit to foreclose a surveyor's lien in the sum of $1,300. Defendants tendered into court the sum of $800 and appeal from a decree of foreclosure in favor of plaintiff for the full amount of the lien, together with attorney fees and costs.

Defendants' primary contention is that the agreement between the parties was that plaintiff would survey defendants' property at a flat fee, as contended by defendants, rather than upon the basis of a reasonable fee, depending upon how much work was involved, as contended by plaintiff. There was a direct conflict of testimony on this issue. We have read the testimony and the exhibits, including the check for $1,000 with its endorsement "pay to Keith Clark one-half of survey cost Sec. 11 plus unpaid balance" and the other evidence relied upon by defendants.

■ After considering the entire record we find this endorsement to be ambiguous, as applied to the circumstances of this case, and we agree with the finding by the trial court that plaintiff, by the evidence offered by him, "sustained his complaint" and that defendants "failed to prove by preponderance of the evidence that there was a fixed flat fee contract" for the services performed by plaintiff. The trial judge also had the advantage of observing the demeanor of the witnesses so as to be in a better position to judge their credibility.

■■ We also reject defendants' further contention that ORS 87.265 does not authorize a lien for the surveying work as well as defendants' contention that ORS

87.280 does not authorize the allowance of a reasonable attorney fee in this case.

■ At the time of argument defendants also contended that plaintiff should not have been permitted to discharge the first lien filed by him and to file a second lien and that the trial court should not have allowed as costs the sum of $75 for a title search. We decline to consider these questions because they were not raised in defendants' brief, either by assignment of error or otherwise.

Affirmed.